IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-81327-TJM |
| | ) | |
| MICHAEL DENNIS MARTIN, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

### **ORDER**

Hearing was held in Omaha, Nebraska, on November 17, 2008, on a Motion for Turnover filed by the Chapter 7 Trustee (Fil. #23), and a Resistance filed by Debtor (Fil. #25). David G. Hicks appeared for Debtor, and Richard D. Myers appeared as the Chapter 7 Trustee.

The Chapter 7 Trustee filed this motion to require Debtor to provide information regarding a potential inheritance regarding the estate of his deceased mother and to recover an economic stimulus payment. At the hearing, Debtor and the Chapter 7 Trustee acknowledged that Debtor has now provided the requested information. Accordingly, the remaining question is whether Debtor is required to turn over all or any portion of an economic stimulus payment received from the Internal Revenue Service under the Economic Stimulus Act of 2008.

The evidence indicates that Debtor is a married person whose spouse did not join in this Chapter 7 proceeding. Debtor and his non-filing spouse have one minor child. They received a total of $1,500.00 in economic stimulus payments – $1,200.00 as a married couple filing a joint return plus $300.00 for a qualifying child. The issue is how much of the $1,500.00 economic stimulus payment constitutes property of the bankruptcy estate.

Neither party directed the Court's attention to any applicable case law, other than certain case law dealing with apportionment of tax refunds when a joint tax return is filed. However, both parties seem to acknowledge that the treatment of the economic stimulus payment is different than treatment of a joint tax refund.

As it turns out, the United States Bankruptcy Court for the Northern District of Indiana has recently addressed the very issue involved in this case. That court points out that the Act itself specifically provides that one-half of the economic stimulus payment with respect to a joint tax return shall be treated as having been made or allowed to each individual filing the return. *In re Thompson,* ___ B.R. ___, 2008 WL 4810086 (Bankr. N.D. Ind. Nov. 5, 2008).

Rather than restate the entire analysis of the Indiana Bankruptcy Court in the *Thompson* matter, I adopt the rationale of that court and find that the bankruptcy estate's interest in the economic stimulus payment is one-half of the total payment, or $750.00. The parties do not dispute that Debtor has already turned over the sum of $750.00 to the Chapter 7 Trustee.

      IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's Motion for Turnover (Fil. #23) is denied.

      DATED: November 18, 2008.

                                  BY THE COURT:

                                  /s/ Thomas L. Saladino
                                  Chief Judge

Notice given by the Court to:
    David G. Hicks
    *Richard D. Myers
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.